IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MIMS MICHAEL MORRIS, Jr.,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:22-cv-00142-TES-CHW |
| | : | |
| Warden **EDWARD PHILBIN**, | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## **ORDER**

Petitioner Mims Morris seeks the appointment of counsel to assist him in his recently re-opened petition filed pursuant to 28 U.S.C. § 2254, which challenges his 2009 convictions in the Superior Court of Putnam County. (Doc. 29). No constitutional right to counsel exists in Section 2254 proceedings. *See McGriff v. Dep't of Corrs*, 338 F.3d 1231, 1234 (11th Cir. 2003). Rather, the Court may appoint counsel for any financially eligible person seeking relief under section 2241, 2254, or 2255 of Title 28 if the "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

The docket of this case shows that Petitioner has been able to file numerous motions related to his case, including a successful motion to reopen and an amended motion for habeas corpus. Petitioner now points to the reopening of his petition and his indigent status as basis for requesting counsel. However, Petitioner has not demonstrated that the interests of justice require the appointment of counsel. Accordingly, at present, Petitioner's motion for appointment of counsel (Doc. 29) is **DENIED**. Should it later become apparent to the Court that legal assistance is required to avoid prejudice to

1

Petitioner's rights, then the Court, **on its own motion**, will assist Petitioner in securing counsel at that time.

    **SO ORDERED**, this 14th day of March, 2023.

                                                    s/ Charles H. Weigle
                                                    Charles H. Weigle
                                                    United States Magistrate Judge